UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHUNG VUE XIONG and
JUDY THAO,

      Plaintiffs,

v.

PHH MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
MERSCORP, INC.,

      Defendants.

CIVIL NO. 13-3128 (DWF/JSM)

REPORT AND RECOMMENDATION

      JANIE S. MAYERON, U.S. Magistrate Judge

      This matter came before the undersigned on defendants' Motion to Dismiss [Docket No. 4]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c). Pursuant to this Court's Order dated November 21, 2013 [Docket No. 12], this Report and Recommendation is being issued based on the parties' written submissions.

      Plaintiffs seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against defendants: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons stated forth below, the Court recommends that defendants' Motion to Dismiss be granted and plaintiffs' claims be dismissed with prejudice.

**I.    BACKGROUND**

On October 15, 2013, plaintiffs, sued defendants PHH Mortgage Corporation, Mortgage Electronic Registration System, Inc., and MERSCORP, Inc. (collectively "defendants") in state court.  Notice of Removal, Attach. 1 (Complaint) [Docket No. 1-1].  Defendants removed the suit to federal district court on November 13, 2013.  Notice of Removal [Docket No. 1].

The facts bearing on defendants' motion to dismiss are as follows: On December 2, 2002, plaintiffs executed and delivered a note to Cendant Mortgage Corporation d/b/a Burnet Home Loans ("CMC").  See Complaint [Docket No. 1-1], ¶ 6.  On the same day, plaintiffs executed and delivered a mortgage in favor of Mortgage Electronic Registration System, Inc. ("MERS") as nominee for CMC.  Complaint, ¶ 6, Ex. 1 (Mortgage).  The Mortgage was recorded with the Hennepin County Recorder on January 23, 2003.  Id.  Plaintiffs claimed that none of the named defendants or predecessors-in-interest had a legal right to declare a default on the note.  Id., ¶ 7.

On December 19, 2012, an assignment of mortgage was made from MERS, as nominee of CMC, to PHH Mortgage Corporation ("PHH").  Complaint, ¶ 13, Ex. 2 (Assignment of Mortgage).  Candace Gallardo executed the Assignment of Mortgage as the Assistant Secretary of MERS.  Id.  The assignment was recorded with the Hennepin County Recorder on January 7, 2013.  Id.

On January 3, 2013, Assistant Vice President of PHH, Daniel Schmidt, executed a Notice of Pendency of Proceeding and Power of Attorney empowering Lawrence Zielke or the law firm of Shapiro & Zielke, LLP ("Shapiro") to foreclose the Mortgage.  Complaint, ¶ 14, Ex. 3 (1/3/13 NOP/POA).  The Notice of Pendency of Proceeding and

Power of Attorney was recorded with the Hennepin County Recorder on January 7, 2013. Id., Ex. 3.

PHH, through Shapiro, noticed a sheriff's sale for the Property, which was first published on January 15, 2013. Complaint, Ex. 4 (Sheriff's Certificate of Sale and Foreclosure Record). The sheriff's sale for the Property occurred on March 5, 2013. Id. Shapiro appeared on behalf of PHH at the sheriff's sale, and exercised the power of the sale clause in the Mortgage by bidding the amount owed to PHH. Id. A Sheriff's Certificate of Sale and the foreclosure record was recorded in the Hennepin County Office of the Recorder. Id.

Plaintiffs claimed that a "MERS Servicer ID Report" dated July 18, 2013 showed that the Government National Mortgage Corporation ("Ginnie Mae") was an "investor" of the mortgage. Id., ¶ 17, Ex. 5 (screenshot). Plaintiffs alleged that Ginnie Mae does not purchase mortgages and instead securitizes and sells mortgage-based securities to institutional investors. Id., ¶ 17. Therefore, if Ginnie Mae is an investor in the loan, it acquired its interest as the trustee of a securitization trust and must have received an assignment of the Mortgage executed in 2002 or 2003 (near the date of the Mortgage's origination). Id., ¶ 17. Pursuant to Amended MERS Rule 8(e), foreclosures must be conducted by or at the express direction of the "note owner" or the "note owner's servicer" and PHH is neither. Id., ¶ 18, Ex. 6 (Amended MERS Membership Rules).

Plaintiffs contended that the foreclosure in this case was improper because (1) PHH did not have the legal authority to assign any interest, to execute foreclosure, to make a credit bid at the sheriff's sale, or to exercise the power of sale in the mortgage; (2) there is no recorded assignment of mortgage to Ginnie Mae, the trustee of a

3

securitization trust that securitized this loan and the only possible legal owner of the loan; and (3) Ginnie Mae is not listed as an assignee on the Notice of Foreclosure in violation of Minn. Stat. § 580.04.

Plaintiffs alleged the following causes of action:

In Count I, Determination of Adverse Claims, Minn. Stat. § 559.01, plaintiffs asserted a quiet title action seeking a determination regarding defendants' adverse interest in the Property. Id., ¶¶ 23-33. According to plaintiffs, in a quiet title action, the burden of proof is on the mortgagee asserting an adverse interest in the Property and defendants must prove their title to the Mortgage by preponderance of the evidence. Id., ¶¶ 25-30, 32.

In Count II, plaintiffs sought a declaratory judgment under Minn. Stat. § 555.02 that PHH's interest in the Property and Mortgage is void, the foreclosure is void, and that plaintiffs remain the owners of the Property. Id., ¶¶ 34-36.

In Count III, alleging slander of title, plaintiffs asserted that defendants drafted and recorded documents that were false and not executed by legally authorized persons, and that defendants knew or should have known that the documents were false. Id., ¶¶ 37-41.

As relief, plaintiffs sought: (1) a determination of adverse interest in the Property; (2) a declaration that the Sheriff's Certificate of Sale, the various assignments of mortgage, notices of pendency, and powers of attorney were all void; (3) a declaration that plaintiffs remained the owner of the Property in fee title; and (4) money damages. Id., Prayer for Relief.

Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As to plaintiffs' allegation that a secret, unrecorded assignment of mortgage to Ginnie Mae exists and that this assignment of mortgage was not recorded prior to the foreclosure, in violation of Minn. Stat. § 580.02(3), defendants argued these allegations did not satisfy federal pleading requirements. Memorandum of Law in Support of Defendants' Motion to Dismiss [Docket No. 6], pp. 4-5. In addition, defendants claimed that the "MERS Servicer ID Report" listed that PHH was servicer of loan, which contradicts plaintiffs' assertion that PHH had no right to foreclose, given that MERS Rule 8(e) provides that foreclosures are required to be conducted by or at the express direction of the note owner's servicer. Id., p. 5. Defendants also asserted that plaintiffs' slander of title claim failed because it is conclusory and without support of facts and the law. Id., pp. 6-7. As for the declaratory judgment count, because plaintiffs' substantive claims failed, defendants maintained this claim must also be dismissed. Id., p. 6.

## II.   STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. Blanjkenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the

principles articulated by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Iqbal</u>, 556 U.S. at 678 (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S., at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 677 (quoting <u>Twombly</u>, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ritchie v. St. Louis Jewish Light</u>, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). "The court, however, 'may consider some

6

materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).

With these standards in mind, the Court turns to the defendants' motion to dismiss.

### III. DISCUSSION

#### A. Quiet Title

In Minnesota, "[a]ny person in possession of real property personally. . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

In response to defendants' motion to dismiss the quiet title claim, plaintiffs first contended that all they had to plead under Minnesota law was that they were in possession of the Property and defendants had a claim adverse to them.[1] Plaintiffs'

---

[1] The Minnesota Court of Appeals has rejected plaintiffs' argument that a quiet title claim premised solely on allegations that they were in possession of the Property and defendants had a claim adverse to them states a cause of action under Minnesota law. In a case similar to the instant suit and relying on the standards for pleading articulated in Twombly, the Court of Appeals stated:

Memorandum in Opposition to Motion to Dismiss ("Pls.' Mem."), pp. 5-7 [Docket No. 13]. Plaintiff also maintained that as defendants had the burden of proof with respect to their quiet title claim, the federal rules could not be applied in a manner that denied their state substantive rights. Id., pp. 7-9.

The position urged by plaintiffs – that this Court should apply the Minnesota state court pleading standards to their quiet title claim – is meritless. Plaintiffs' former counsel[2] has made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013); see also Dunbar v. Wells

---

> In their amended complaint, appellants summarily claim that they are in possession of their respective properties and that Deutsche Bank's mortgage liens are invalid. Their only argument in this appeal is that these summary allegations are sufficient to overcome a motion to dismiss. We disagree.
>
> Adopting appellants' position would mean that quiet-title claims will never be dismissed when merely the two facts of possession and invalid mortgage lien are alleged, without regard for how these facts would give rise to an entitlement to relief. This result undermines the court's duty to determine "whether the complaint sets forth a legally sufficient claim for relief." See Hebert [v. City of Fifty Lakes, 744 N.W.2d 226, 229 (Minn.2008)]. Beyond the summary facts alleged, appellants must present more than just labels or conclusions in their complaint to survive a motion to dismiss.

Mutua v. Deutsche Bank Nat. Trust Co., No. A13–0498, 2013 WL 6839723, at *2 (Minn. Ct. App. Dec. 30, 2013).

[2]   Plaintiffs' counsel, William Butler, was suspended from practice in this District after the initiation of the present action. See 13-mc-49 MJD [Docket No. 10].

Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting Karnatcheva); Novak v. JP Morgan Chase Bank, 518 F. App'x 498, 501 (8th Cir. 2013) (quoting Karnatcheva)); Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth Circuit has "squarely and repeatedly rejected" this argument).

In addition, the Eighth Circuit has settled the "burden of proof" argument advocated by plaintiffs. See Karnatcheva, 704 F.3d at 548. As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[3] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." Welk v GMAC Mortg., LLC, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

2013 WL 4838904, at *3.

Thus, this Court has reviewed plaintiffs' quiet title claim applying the standards governing Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

Mere allegations of plaintiffs' possession of the Property and conclusory statements that defendants' adverse claims are invalid are insufficient to state a claim

---

[3] Both Gharwal and Karnatcheva were represented by Butler.

for relief. See Karnatcheva, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet-title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); Yang Mee Thao-Xiong v. American Mortg. Corp., Civil No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012), aff'd, 518 F. App'x 498 (8th Cir. 2013)) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

Here, the only "factual" support for plaintiffs' claim that there was an unrecorded assignment of their mortgage from MERS to Ginnie Mae prior to the foreclosure – a "MERS® Servicer ID Investor" screenshot showing that Ginnie Mae was an "investor" of the mortgage (Complaint, ¶¶ 17, 20-22, Ex. 5) – cannot save plaintiffs' Complaint from dismissal.

The "MERS® Servicer ID Investor" screenshot dated July 18, 2013, which describes Ginnie Mae as the "investor" and PHH as the "servicer", does not remotely support plaintiffs' theory that there was an unrecorded assignment of the mortgage from MERS to Ginnie Mae before the foreclosure.  All that this screenshot reflects is that Ginnie Mae had acquired an interest in the Property at least as of July 18, 2013, which is well after the March 5, 2013 foreclosure sale.  See Butler v. Federal Nat. Mortg. Ass'n, Civil No. 12-2697 (SRN/TNL), 2013 WL 2145701, at *3 (D. Minn. May 15, 2013)

(rejecting the same "evidence"–a screen shot from the MERS loan finder website showing Fannie Mae as the "investor" for the mortgage, and stating "this screen shot is only evidence that, on October 3, 2012, Fannie Mae had an interest in the mortgage. It does not establish the allegations in the Complaint; rather, it is just the sort of 'shot in the dark' allegation that does not meet Rule 8's pleading standards.  Thus, not only is there no factual support for plaintiffs' bald assertions, the record shows the exact opposite – the foreclosure and the subsequent quit claim deed were proper.").  Further even assuming that this screen shot did refer to plaintiffs' Property, all that it says is that Ginnie Mae is the "investor" of the mortgage.  This does not mean that MERS actually assigned the mortgage to Ginnie Mae at any time, much less near the date of the origination of the loan in 2002 or 2003, or that MERS no longer held legal title to the mortgage after 2002 or 2003.  As the Supreme Court of Minnesota recognized in Jackson v. Mortgage Electronic Registration Systems, Inc., it is common for one party to hold legal title to a mortgage on behalf of another party who has "equitable ownership" of the mortgage.  770 N.W.2d 487, 499–501 (Minn. 2009).  For example, mortgage servicers (i.e., PHH on the "MERS® Servicer ID Investor" screenshot) typically hold legal title to the mortgage on behalf of the equitable owner of the mortgage, usually the holder of the promissory note secured by the mortgage.[4]  Plaintiffs have simply not stated facts sufficient to allow the Court to draw the reasonable inference that MERS secretly conveyed legal title to the mortgage to Ginnie Mae prior to the March 2013 foreclosure and that there was an unrecorded assignment before foreclosure.  See

---

[4]   Indeed, according to plaintiffs, a servicer of a mortgage is entitled to initiate a foreclosure under MERS Rule 8(e).  Complaint, ¶ 18, Ex. 6.

11

Hood v. Federal Home Loan Mortg. Corp., Civil No. 13–1068 (DSD/JSM), 2014 WL 1371916, at *8 (D. Minn. 2014 April 08, 2014).

Further, plaintiffs' contention that PHH did not hold the note at the time of the foreclosure, (Complaint, ¶ 16), is irrelevant, unless of course, this Court were to accept (which it will not) the discredited "show me the note" theory plaintiffs' former counsel has posited many times over. See, e.g., Butler v. Bank of America, N.A., 690 F.3d 959, 962 (8th Cir. 2012) (the "show me the note" argument "is foreclosed by the plain language of Minnesota's foreclosure statute); Ebbighausen v. JP Morgan Chase Bank, N.A., Civ. No. 10-3120 (JRT/LIB), 2013 WL 53836, at *7 (D. Minn. Jan. 3, 2013) ("the law of this Circuit clearly establishes that different entities can hold the promissory note and legal title to the mortgage, and that the holder of legal title to the mortgage need not possess the promissory note before it can institute foreclosure by advertisement.") (citing Stein v. Chase Home Fin. LLC, 662 F.3d 976, 979-980 (8th Cir. 2011), citing Jackson, 770 N.W.2d at 489-501)).

For all the reasons stated above, the Court finds that defendants' motion to dismiss the quiet title action against them should be granted.

### B. Slander of Title

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted). To plead malice, plaintiff "must

raise factual allegations sufficient to create a plausible claim that at least one of the [ ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'" Dunbar, 709 F.3d at 1258 (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).

Plaintiffs responded to defendants' motion to dismiss their slander of title claim by merely stating the elements for the claim and restating the allegations from the Complaint. Pls.' Mem., pp. 13-14. The Court finds the claim must be dismissed because plaintiffs have alleged no facts from which this Court could infer that defendants made a false statement, acted maliciously or that plaintiffs suffered any pecuniary loss from a publication concerning title to his property. See Ko v. Mortgage Elec. Registration Sys., Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *4 (D. Minn. Aug. 9, 2013) ("Ko alleges that Shapiro drafted and recorded documents that it knew were false because they were executed without the proper authority. But Ko fails to allege that Shapiro acted with malice. Because Ko fails to allege malice, he has not stated a claim for slander of title, and this claim will be dismissed.") (internal citation omitted); Lara v. Federal Nat. Mortg. Ass'n, Civil No. 13–676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013) (dismissing slander of title claim based on

allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority.").

Additionally, even assuming that documents recorded as to the Property are technically false, this does not amount to a cloud on the title of the Property where plaintiffs have clouded the title based on their default. See Pope v. Federal Home Loan Mortg. Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013) ("An unauthorized assignment may be technically false, but it does not cloud the title to property on which the mortgagee has undisputedly defaulted. The only cloud on the title of the Popes' property is a cloud of their own making: they did not make the payments due under their mortgage and as a result, they lost their property through foreclosure.").

For all of these reasons, defendants' motion to dismiss plaintiffs' slander of title claim should be granted.[5]

### C. Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action. See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617-618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American

---

[5] The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012), cert. denied, --- U.S. ---- 133 S.Ct. 2358 (2013) (Rule 9(b) applies to slander of title claims); see also Ko, 2013 WL 3088728, at *4; Pope, 2013 WL 2251001, at *4; Haubrich, 2012 WL 3612023, at *6. Defendants did not argue in favor of dismissal based on plaintiff's failure to meet this standard. Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard. Therefore, the Court recommends dismissal of the suit with prejudice.

Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action"). In light of the Court's conclusion that plaintiffs' substantive claims must be dismissed under Rule 12(b)(6), "[they are] left with a remedy in search of right." Scanlon v. Northwest Mortg., Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012); see also Lara, 2013 WL 3088728, at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiffs' claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

For all of these reasons, defendants' motion to dismiss should be granted in its entirety and plaintiffs' suit should be dismissed with prejudice.[6]

---

[6] "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983). Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. That is the case here. See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Defendants' Motion to Dismiss [Docket No. 4] be **GRANTED**.

2. This matter be dismissed with prejudice.


Dated:      June 4, 2014

                                          s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 23, 2014**,[7] a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[7] The Court has allowed extra time for plaintiffs to file their objections to this Report and Recommendation, as they are currently unrepresented by counsel.